### EDDY v. HOWARD *et al.*

1. Trespass: SEIZURE OF GOODS: JOINT LIABILITY. To constitute a joint liability as trespassers on the part of several different creditors who caused attachments to be levied on certain goods, and render them liable to a joint action as such, there must have been some concert of action and co-operation between them, and it is not alone sufficient that they *were present together at the time of the levy*, and an instruction that contained such charge was held to be erroneous.

2. Exceptions: CONSTRUCTION OF: INSTRUCTIONS. During the argument of a cause, the court submitted to the counsel therein certain instructions which would be given on a particular question, which however it refused to give when the argument was closed, to which the defendants excepted, and the court gave another instruction in its stead, and upon it submitted to the jury, prior to the submission to them of the whole case, such question for their special finding, to which defendants also excepted. It was argued that the exceptions related to the withdrawal or refusal to give the first instructions and to the submission for the special verdict, but it was *held*, that they covered the entire action of the court including not only the *time* and *manner of giving*, but also the *matter* of the instruction given.

Eddy v. Howard.

3. —— GENERAL EXCEPTION TO INSTRUCTION. While the rule is recognized that a general exception to several instructions given, some part of which are correct, raises no question for review in the Supreme Court, it is held not to apply to one instruction no part of which, taken as a whole, is correct.

4. Practice: SPECIAL VERDICT. Whether it is a correct practice in an action of trespass to submit to the jury for their special verdict, before submitting to them the whole case, the question as to whether the trespass was joint or several, *quere.*

*Appeal from Iowa District Court.*

WEDNESDAY, JULY 31.

HOWARD was sheriff of Johnson county, in 1857. The other defendants (three firms) were creditors of one Darwin; they obtained attachment, and the sheriff levied the same upon certain goods. Plaintiff, claiming to be the owner of said goods, brought this action of trespass, laying his damages at $10,000. Trial, verdict and judgment for plaintiff, in the sum of $8,425.26, and defendants (the creditors) appeal.

*Rush Clark* and *Smyth & Young* for the appellants.

It was error to submit to the jury the question, " Was the trespass joint or several ?" Because —

1. The law does not authorize the court to submit to a jury a part of the issues and direct that they should find on it, or answer it before submitting to them the whole of the issues. Rev. § 3076.

2. In submitting said question the court assumed and required the jury to assume that defendants were trespassers. 12 Iowa, 126 ; 14 Id. 365.

3. Such submission of the question elicited from the jury a conclusion of law. 18 Iowa, 298 ; Rev. § 3079.

4. The court misdirected the jury in instructing them that the levy of the attachments at the same time by the several creditors, and in the presence of their respective attorneys at the time, required the jury to find that defendants *were trespassers and jointly such.*

5. The court failed to instruct the jury that if all the attaching creditors' attorneys were *not* present together at the time, defendants were not jointly liable.

The court should have set aside the verdict and granted a new trial. Because —

1. The court assumed to the jury that defendants were trespassers and jointly liable.

2. It was error to permit the jury to find a verdict against defendants jointly.

3. The verdicts were against the weight of evidence and the plain truth of the case, and in such case should. be set aside. *Lodge* v. *Reznor*, 13 Iowa, 600 ; *Denton* v. *Lewis*, 15 Id. 362 ; *McKay* v. *Thorington*, Id. 28.

4. There was no confederation or concert of the attaching creditors charged or shown in levying their respective attachments, and such inference was rebutted. *Ellis* v. *Howard*, 17 Vt. 330 ; *Williams* v. *Sheldon*, 10 Wend. 657 ; *Higby* v. *Williams*, 16 . Johns. 216 ; *Weakly* v. *Roger*, 3 Watts, 464 ; *Bard* v. *Yohn*, 2 Casey, 482.

The measure of liability and damages as to each creditor was limited to the value of the goods taken by such creditor. 3 Zabr. (N. J.) 342.

*Edmonds & Ransom* for the appellees.

I. All who aid, command, advise or countenance the commission of a tort by another, are liable (or who approve of it after it is done, if done for their benefit) in the same manner as if they had done the tort with their own hands, and any act by which defendant assumes con-

trol of the property in defiance of plaintiff's claim, makes him a trespasser. *Judson* v. *Cook*, 11 Barb. 642. In that case the president of a bank which was the plaintiff in the writ, upon being advised that the property seized was claimed by plaintiff, told the officer to do his duty, and the court held that by this language the jury might fairly infer an order to hold the property. The act of a sheriff in seizing and selling property by direction is the act of him who orders it. *Tompkins* v. *Hailie*, 3 Wendell, 406. One who directs the detention of property unlawfully taken by an officer, is a trespasser as though he had taken it himself. *Root* v. *Chandler*, 10 Wend. 111.

If the person for whose benefit the property is seized by an officer expresses no disapprobation, but allows it to remain with the officer, he is liable as a joint trespasser. *Harrison* v. *Mitchell*, 13 La. Ann. 260 ; 4 Bouv. Inst. 26.

Those who act, encourage or assist are bound *in solido*. *Wallace* v. *Miller*, 11 La. Ann. 449 ; *Irwin* v. *Scribner*, Id. 583.

Trespass lies against one knowingly receiving goods from a trespasser. *Tallman* v. *Turck*, 26 Barb. 167.

" In trespass, so completely is the defendant who gives directions identified with the acts of the officer that he is frequently responsible where the latter is excused," and he cannot show that the act was not in consequence of his request, which is part and parcel of the act. *Coats* v. *Darby*, 2 Comst. 520.

Where A loaned B and C a wagon, who hitched their horses to it for a ride, invited A to ride with them, and one of the owners of the horses drove violently into another vehicle, A was held jointly liable. The court say A owned the wagon, and was not in the light of a passenger. It does not appear that he dissented from the violent driving, and when seen shortly after, he acted as

one of the parties jointly concerned in the act, for they were all in high spirits and he expressed no dissent or regret. *Bishop* v. *Ely*, 9 Johns. 294.

Where several persons at about the same time entered a lot and cut and carried away logs, each taking the fruit of his own labor, it was held a joint trespass. *Williams* v. *Sheldon*, 10 Wend. 654.

In that case the plaintiff simply proved the cutting and conveying off of the logs, that a road was made to his lot for the purpose of taking timber from it, that all the defendants were engaged about the same period in committing trespasses upon the lot, that there was a shanty erected on it in which defendants slept and ate their meals near where the logs were cut and that they quit the premises at the same time.

On the part of the defendants it was proved that although they all got logs it was not a joint concern inasmuch as they worked separately or by twos and each taking his own spoils.

The jury under a proper charge having found the defendants jointly guilty, the court decide it not to be a case for interference with the verdict, and remark that " whether defendants were jointly concerned or not was a matter of inference from all the circumstances of the case."

How incontestably clear then a case where the defendants all employ a common agent who deprives plaintiff of his property by the single act of locking a store, and where all the defendants knowing their agent professes to hold for them jointly, tacitly assent and by every word and act corroborate this theory, except that they afterward divide the goods and get the sheriff to sign a certificate of several levy upon different parcels.

Several creditors without concert and without knowing they were employing a common agent, having severally

sued out writs and wrongfully caused a debtor to be arrested, were held to be joint trespassers. *Stone* v. *Dickinson*, 5 Allen (Mass.) 29.

Indeed only for the ingenuity of the defendants in having returns to their writs made after this suit was commenced, so as to show only separate levies upon different parcels, no evidence of concert in request, orders, countenance or acquiesence need have been shown, as *prima facie* they were jointly liable if the officer served all the writs at one time. *Ellis* v. *Howard*, 17 Verm. 330.

Or, at different times, if the second attachment was while the officer held possession under a prior attachment, which was wrongful. *Cox* v. *Hall*, 18 Verm. 191.

So, where one constable wrongfully seizes property under an attachment, and afterward another constable, by virtue of an execution, took it from him, the court say, " their possession was sufficiently simultaneous to constitute them joint trespassers." *Sprague* v. *Kneeland*, 12 Wend. 164.

And so, it might be added, would they be joint trespassers, by whose orders and approbation and for whose benefit the constables had severally acted.

These rules of joint liability are held to involve railroad corporations, in case of damage done by the separate negligence of their several employees. *Colgrove* v. *Railroad Companies*, 20 N. Y. 492. See *S. C.*, in Law Register and Notes.

The fact that defendant Howard was sheriff, and held writs against Darwin, makes nothing for him, or those who counseled or acquiesced in the seizure, for plaintiff, by force, might legally have maintained his possession against all the defendants, the same as against any other trespassers. *Commonwealth* v. *Kinnard*, 8 Pick. 133.

II. Had any of the objections taken not been waived, or even other exceptions made to any ruling of the court

Eddy v. Howard.

the verdict still must stand as just and well sustained by the law and evidence.

The idea of a special verdict upon the question of joint or several trespass if any, and of taking it by itself, was that it might be fairly considered unembarrassed by other questions, a proceeding so fair that no party could reasonably object, or if confident of merits would object, and being merely a matter of discretionary practice could not allege error therefor. Or at best, if error, it was without prejudice within the intent of sections 2978 and 3111 of Revision (see Hammond's Dig. 67, 68).

It has long been a rule that to reverse a judgment not only error, but such as could do legal injury must be shown. *Fry* v. *Bennett*, 28 N. Y. 331. Even in capital cases. *Shorter* v. *The People*, 2 Comst. 194.

"Submitting certain questions to a jury is not uncommon. It frequently avoids trouble and cannot operate to the prejudice of either party, being in the nature of a special verdict which a jury may always find." *McMasters* v. *Ins. Co.* 25 Wend. 381.

The judge in his discretion may even submit the case of one of two joint defendants first. *Martin* v. *Taylor*, 2 Barb. 356; *Domings* v. *Getman*, 9 Cal. 97.

Or may allow either party to open and close to the jury. 28 N. Y. 324; 8 Conn. 254; Id. 296.

And (only for the statute) might decline to charge the jury. *The People* v. *Gray*, 5 Wend. 289.

WRIGHT, J. — The point in controversy in this case before the jury, was whether the creditors were *jointly*

1. TRESPASS: seizure of goods: joint liability.

liable. They were not personally present, respectively, controlling the service of the writs, and the seizure and sale of the property; but it is conceded that the acts of their several attorneys were theirs, and that they are to be held accordingly.

Each creditor had a different attorney, and upon the contested question there was much testimony, and upon it, indeed, the whole case apparently turned. It seems that the court submitted to the jury, at the instance of plaintiff, before submitting the whole case, the single question, whether the trespass was joint or several. Upon this subject the only instruction was this : " Whether the trespass, if any, was joint or several, depends upon whether the defendants (other than Howard, the sheriff) acted in concert, prior to or at the time of the levy of the attachments, or whether each defendant, without co-operation of the others, acted separately and independent of each other in the matter. For example, should you find, from the testimony, that the writs of attachment were all levied at the same time by defendant Howard, and that the attorneys of the other defendants, either prior to or at the time, directed the proceedings of the sheriff in concert, or were present together at the time of the levy, it will be sufficient to justify you in finding, and you should find, that the trespass was joint. But, on the other hand, should you find that the attachments were not all levied at the same time, that the attorneys for defendants were not acting together or in concert in the matter, either prior to or at the time of the levy of the writs, but that each of the creditor defendants was acting for himself and without the co-operation of the others, the trespass, if any, is several."

The jury returned for answer " Joint," and thereupon the court proceeded to and submitted to them the whole case, and a general verdict was returned as shown by the statement, but in the subsequent instructions nothing was said on the subject of joint or several liability.

We are, then, to determine whether the instruction given embodied the law. In our opinion, it contains one fatal defect. It says to the jury, in so many words,

that if the defendants' attorneys "*were present together at the time of the levy*," they should find the trespass to be joint. This, without more, cannot be the law. To direct *the proceedings of the sheriff in concert*, or to be present together acting in concert, is one thing, and to be present together doing nothing, quite another.

The effect of the rule as stated would be, that though creditors should be each struggling as against the others, to secure their claims, yet if all should be present when the levy was made, though there was no concurrence of sentiment, no concert of action, but the most complete antagonism, there would be a joint liability. And in such case, though one should alone aid, command, advise or countenance the commission of the tort, and though the others stood by silently, their presence alone would make them equally liable. And this would be equally true if the parties acted each for himself, in producing the alleged injurious result. It, therefore, seems to us quite beyond controversy, that as this part of the instruction lost sight entirely of the idea or necessity of co-operation, encouragement, command, concert or the like, it was erroneous.

Whether the liability was joint, was a question of fact for the jury, but as the rule given was improper, a new trial must be ordered.

Appellee insists, however, that the exception was not properly saved, and here two questions arise: First, it seems that the judge, during the argument, submitted to counsel certain instructions which would be given on this particular subject. When the argument was closed, the court refused to give such instructions, to which defendants excepted, but in their place gave that above set out, and submitted the special question of joint liability, to which defendants excepted. This exception, it is insisted, relates to the

*2. Exceptions: construction of: instructions.*

Eddy v. Howard.

withdrawal of the first instructions, after what had been said, and to the asking of a special verdict, and not to any thing contained in the charge itself. This unfairly limits the force and extent of the exception. The reasonable construction is that defendants excepted to the entire action, the matter of the instruction, as well as the manner and time of giving it.

Second, the exception is claimed to be wanting in definiteness, being to the entire charge, and not to the objectionable part. And here counsel rely

3. —— general exception to instruction. upon *Davenport Gas Company* v. *City of Davenport*, 13 Iowa, 229, and others following in 15 Id. 253, 450, 476 ; 16 Id. 62, and others similar. We adhere to the rule there stated, and have no disposition to depart from it. In all these cases, however, some parts of the instructions in chief were indisputably correct, and the exception was to the whole. Here there was but one proposition submitted, and it misstated the law.

Taken as a whole, no part of it is correct. The rule cited does not, therefore, apply.

Other questions are made by appellants, but they relate, for the most part, to the course pursued by the court in

4. PRACTICE: special verdict. submitting the special issue. The same thing will not likely arise on a second trial. We cannot, however, resist the expression of at least a doubt, whether it was a correct practice to have the jury find first whether the trespass was *joint* or *several*, and then, whether there was any. The special finding would seem to conclude every thing but the question of damages. But we will not extend the thought.

. Reversed.