TORREY, DAVIDSON & GROSSCUP v. SCHNEIDER & DAVIS ET AL.

No. 6632.

1. **Joint Wrongdoers.** — Two writs of attachment were obtained against the same defendants, but in favor of different plaintiffs. The first in date was levied upon a stock of goods. On same day and by the same officer the second was levied upon the same stock and upon other property. In the latter the defendants set up in reconvention a claim for damages for an alleged wrongful and malicious seizure under the attachment. In the reconvention two thousand dollars damages were recovered. The defendants in attachment subsequently sued the plaintiffs in the first attachment, who had collected their debt under the attachment proceedings. *Held:*

1. The wrongful seizure of the goods under the first attachment was a completed act for which an action would lie.

2. It was error in the court below to charge that the recovery in reconvention against the plaintiffs in the second attachment barred action against the plaintiffs in the first.

3. No common purpose or concert of action was shown so as to give to the separate acts of the two parties the character of joint trespass.

2. **Same.**—It seems there can be no joint trespass unless there be command, advice, or encouragement to the actual trespasser, or concert or co-operation in the commission of a trespass, or subsequent ratification or adoption of an act of another done for his benefit or in his interest.

APPEAL from Taylor.   Tried below before Hon. Wm. Kennedy.
The opinion states the case.

*Bentley & Bowyer*, for appellants. — 1.   As to the charge.   It is the duty of the trial judge to submit all controverted facts to the jury.   Rev. Stats., art. 1317.

(1)   It must conform to the case made by the pleadings.   4 Texas, 75; 13 Texas, 31; 19 Texas, 312; 28 Texas, 98; 56 Texas, 75.

(2)   It must conform to the evidence.   57 Texas, 432; 58 Texas, 422; 60 Texas, 527; 61 Texas, 246; 62 Texas, 267, 391; 63 Texas, 333–344.

(3)   It must not bear upon the weight of the evidence.   23 Texas, 51; 46 Texas, 356; 57 Texas, 432; 62 Texas, 274, 515; 63 Texas, 274, 449.

(4)   It must not assume that particular facts have been proved.   1 Texas, 342; 4 Texas, 252; 9 Texas, 501.

(5)   It must submit mixed questions of law and fact to the jury under proper instructions.   62 Texas, 234; 63 Texas, 362.

2.   Joint trespassers are those who act in concert in the commission of a trespass and who by agreement entered into prior to the trespass are in some manner jointly to share in the benefits expected to be derived from the commission of the trespass.   That is to say, joint trespassers are those who confederate to do an unlawful act, although their respective shares in the profits may be unequal.   Williams v. Sheldon, 10 Wend., 645; McIntyre v. Green, 36 Ga., 48; Vosburg v. Moak, 1 Cush., 453; Williamson v. Fisher, 50 Mo., 198.

3.   A wrong committed by a number of persons is *per se* several in its character and only joint because each is by law made liable for the acts of all done in furtherance of the common design.   In other words, in the absence of proof disclosing a common design to commit the wrong, though committed by several persons, they can not be held as joint trespassers.   And the burden is on the party charging a joint liability to prove that the wrong was committed in pursuance of a common design. Wait's Act. and Def., 110; Ayers v. Ashmead, 31 Conn., 447.

4.   Where a wrong has been committed and several persons are shown to have been joint trespassers, according to the weight of the more recent authorities it is the correct rule that a judgment against one joint trespasser is no bar to a suit against another for the same trespass.   Nothing short of full satisfaction, or that which the law must consider as such, can make such judgment a bar.   Elliot v. Porter, 5 Dana, 299; Sheldon v.

Kibbe, 3 Conn., 214; Murray v. Lovejoy, 2 Cliff. C. C., 191; S. C. affirmed, 3 Wall., 1; Elliott v. Hayden, 104 Mass., 180; Knox v. Cunningham, 2 Sneed, 50; United Society Shakers v. Underwood, 11 Bush, 265; S. C., Am. Rep., 214; Mitchell v. Libbey, 33 Me., 74.

*Crawford & Crawford,* for appellees.— 1.   The record and the judgment in the case of William Cameron & Co. against Torrey, Davidson & Grosscup shows that actual damages were awarded them for levying on the entire stock, and the court did not err in assuming as a fact that Cameron & Co. had levied upon the entire stock, and that the $2000 was awarded to them for the whole levy.   Floyd v. Efron, 66 Texas, 221; Wintz v. Morrison, 17 Texas, 372; Teal v. Terrell, 58 Texas, 257.

2.   Where the evidence is all on one side and there is no controversy as to the facts or inferences to be drawn from them the court may instruct the jury how to find.   Grinnan v. Dean, 62 Texas, 218; Eason v. Eason, 61 Texas, 225.

3.   Upon the undisputed facts the instructions given by the court were correct.

4.   If several different creditors acting separately, without concert and without knowing that they were employing a common agent, have wrongfully caused their debtor to be arrested on their several writs by the same officer, who served the writs simultaneously, and by virtue thereof committed the debtor to jail, where he was confined upon all of them at the same time, they are to be regarded as joint trespassers, and full satisfaction received by the debtor from one of them is a bar to an action by him against the others.   Stone v. Dickinson, 5 Allen, 29; S. C., 7 Allen, 27; Lovejoy v. Murray, 3 Wall., 8.

5.   In Metz v. Soule et al., decided by the Supreme Court of Iowa in 1875 (2 Cent. Law Jour., 595), the plaintiff, a convict in the Iowa penitentiary, was put to work under the defendant, who had hired of the State the labor of the convicts at 41 cents per day.   In executing the orders of the defendant's foreman the convict was so badly injured that his feet had to be amputated.   Having been subsequently pardoned he petitioned the Legislature for a pension, claiming that he had been injured while acting under the direction of an agent of the State.   The Legislature gave $150 per annum, payable monthly, which the convict accepted and the monthly payments were made to him.   He afterward sued the defendants for the injury and recovered $42.50.   The Supreme Court reversed the judgment upon the ground that the pension granted by the Legislature upon his application was a full satisfaction for the injury done.   The court says:   "The plaintiff by prosecuting his claim against the State as a wrongdoer in the only way available to him and by accepting the benefits of the act passed in his favor is estopped to deny that the injury occurred through the wrongful act of the State."

6.   The recovery and satisfaction of a judgment for the value of the goods converted transfers the title to the defendant.   Blum v. Stein, 68 Texas, 614; Lovejoy v. Murray, 3 Wall., 14.

Deducting the amount recovered by Torrey, Davidson & Grosscup as actual damages from the amount of William Cameron & Co.'s debt was a satisfaction of the claim of appellants for actual damages.   Blum v. Stein, 68 Texas, 614.

STAYTON, CHIEF JUSTICE.—On November 20, 1884, appellees instituted an action against appellants in the District Court for Dallas County to recover a sum due them, in which they sued out a writ of attachment, which was sent to Taylor County and there levied on a part of a stock of goods belonging to appellants.   That attachment was levied on November 21.   On the attachment bond as sureties were J. C. and J. F. O'Connor.

The goods so seized were sold and the proceeds, less cost of sale, paid to the clerk of the District Court for Dallas County.   Appellees obtained a judgment in that cause on May 15, 1885, for the sum sued for, and so far as necessary the fund in court was appropriated to its payment, which left a small sum in the hands of the clerk.

On November 21, 1884, Cameron & Co. also brought an action for debt against appellants in the District Court for Taylor County and therein sued out a writ of attachment, which was placed in the hands of the same officer who levied the attachment sued out by appellees.

This was done on the same day, but after the attachment of appellees had been levied, and under the attachment sued out by Cameron & Co. the sheriff levied upon the entire stock of appellants and upon other property; that part of the levy, however, which was made on the same goods seized under the attachment sued out by appellees was made in subordination to their levy.

In the action brought by Cameron & Co. appellants pleaded in reconvention and sought to recover damages, actual and exemplary, for an alleged wrongful and malicious seizure under attachment.

On October 21, 1885, Cameron & Co. obtained a verdict on their claim for $10,681.57, and appellants obtained against Cameron & Co. on their plea in reconvention a verdict for $2000, on which a judgment was entered in favor of Cameron & Co. for $8681.57.

The goods, other than those seized under the writ sued out by appellees, were also sold pending suit, and the proceeds of same were paid into the District Court for Taylor County.

The judgment in favor of Cameron & Co. appropriated the sum in court as well as the balance in the District Court of Dallas County on the judgment in favor of Cameron & Co., foreclosed the lien on the other

attached property, and contained such other orders as are usual in such cases.

All the goods seized under the attachment for Cameron & Co. were valued by the sheriff at $11,968.72, which included all the goods seized under the attachment sued out by appellees.

No concert of action or common understanding whatever was shown between Schneider & Davis and Cameron & Co.

On March 15, 1886, this action was brought by appellants against Schneider & Davis and the sureties on their attachment bond to recover damages actual and exemplary on the ground that the attachment sued out and by them caused to be levied on November 21, 1884, was wrongful and malicious.

This action having been brought in Taylor County and all of the defendants being residents of Dallas County, some question was raised in the court below as to the venue, but they were decided in favor of appellants, and are not now presented for consideration, though referred to in brief of counsel.

Appellees urged the defenses usual in cases of this character, and further pleaded the judgment rendered in favor of appellants against Cameron & Co. on the former's plea in reconvention, and its satisfaction in bar of this action, on the theory that appellees and Cameron & Co. were joint wrongdoers and a judgment against one and its satisfaction a bar to any further action.

Much evidence bearing on other issues was introduced, but the court withdrew all other issues from the jury and gave the following charge:

"Gentlemen of the jury: The plaintiffs dismiss as to everything but the claim for actual damages; and there being no controversy that the goods, wares, and merchandise levied upon by the writ of attachment sued out by the defendants Schneider & Davis, and for the conversion of which goods, wares, and merchandise this suit is brought, were subsequently on the same day levied upon by a writ of attachment in favor of Wm. Cameron & Co., you are instructed, as a matter of law, that said Wm. Cameron & Co. and Schneider & Davis were joint trespassers, and that the recovery of the sum of $2000 actual damages by Torrey, Davidson & Grosscup on their plea in reconvention in the suit brought by Wm. Cameron & Co. against them (which sum of $2000 has been paid) is a bar to their suit in this case, and you will therefore return a verdict in favor of the defendants."

In obedience to which a verdict was returned on which judgment was entered.

The general rule announced in the charge is well settled, but the inquiry in this case is, do the facts bring this case within it? We are of the opinion they do not.

If the attachment sued out and caused to be levied by appellees was

wrongfully sued out a cause of action in behalf of appellants arose at the very instant the seizure was made.    The wrong was then complete though the measure of damages might be augmented by the lapse of time.    That act gave no cause of · action whatever against Cameron & Co., and could not in an action against them be taken into the estimate in determining the extent of damages appellants were entitled to recover from that firm on account of any wrongful act it may have subsequently done.

The acts of the two firms were as separate and distinct as though a day, a week, or a month had intervened.    Thomas v. Chapman, 62 Texas, 193.    No common purpose or concert of action is shown.

Appellees rely upon the case of Stone v. Dickson, 5 Allen, 29, as an authority in support of the charge of the court.    That was a case in which several different creditors, acting separately, without concert, and without knowing that they were employing a common agent, wrongfully caused their common debtor to be arrested by the same officer, who served the writs simultaneously, and by virtue thereof committed the debtor to jail, where he was confined upon all of them at the same time. In disposing of the case the court said:

"It is only one wrong, for which in law he can recover but one compensation.    He has not in fact suffered nine separate arrests or undergone nine separate terms of imprisonment.    The writs against him were all served simultaneously by the same officer acting for all the creditors, and the confinement was enforced by the jailor on all the processes contemporaneously during the entire period of his confinement. The alleged trespasses on the person of the plaintiff were therefore simultaneous and contemporaneous acts, committed on him by the same person acting at the same time for each and all of the plaintiffs in the nine writs upon which he was arrested and imprisoned.    It is then the common case of a wrongful and unlawful act committed by a common agent acting for several and distinct principals."

The case of Lovejoy v. Murray, 3 Wallace, 1, was a case in which an officer, unwilling to sell property seized by him under attachment, refused to proceed further unless indemnified, and therefore the party for whom the seizure was made gave indemnity and the officer under the instructions of the indemnitor's attorney proceeded to sell the property, which was not subject to the writ.    Under that state of facts it was very properly held that the indemnitor and officer were joint trespassers as to all done after indemnity given.    Neither of these cases meets the case made by the facts of this.

When writs of two or more creditors are simultaneously levied on the same property, if the levy be illegal it may well be held that they are joint trespassers.    This was recognized in Ellis v. Howard, 17 Vermont, 335, but that case recognizes that if the levies are made at different times there will be no joint trespass; and in Eddy v. Howard, 23 Iowa, 175, even in a

case of simultaneous illegal seizure of property under writs sued out by different creditors it was held that no joint trespass was committed unless there was concert of action or co-operation between them.

In the absence of some such states of fact as shown in the cases above referred to we are of opinion that there can be no joint trespass unless there be command, advice, or encouragement to the actual trespasser, or concert and co-operation in the commission of a trespass, or subsequent ratification or adoption by one of an act of another for his benefit or in his interest. No facts proved in this case showed a joint trespass to which appellees and Cameron & Co. were parties, and the court below erred in instructing the jury that the facts recited in the charge in question so made them.

For this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 24, 1889.