M. JORDAN V. V. AND A. MEYER & COMPANY ET AL.

Decided April 5, 1897.

Attachment—Suit on Bond—Limitation.

Suit against sureties on bond for payment of damages for wrongfully suing out an attachment, commenced more than four years from the seizure of property, but less than that time from the termination of the attachment suit (in which damages were awarded against the principal) was barred by limitation. The cause of action arose at the instant the seizure was made.

QUESTIONS CERTIFIED by Court of Civil Appeals, Fifth District, in an appeal from Bowie County.

In the lower court the action against the sureties on the attachment bond was held barred, and they were discharged. Upon appeal by plaintiff, an opinion was pronounced in the case reversing the judgment below, and rendering it for appellant, with dissenting opinion. Pending a motion there for rehearing, the Court of Civil Appeals submitted the point to this court as a certified question, not as upon certificate of dissent.

*Henry & Henry,* for appellant.—No action will lie upon the bond until the attachment shall have been discharged; and such final disposition of it must be alleged. Nolle v. Thompson, 3 Met. (Ky.), 121; Cox v. Robinson, 2 Rob. (La.), 313; Penniman v. Richardson, 3 La., 313; Drake on Attachments, secs. 162a, 173, 173a, 174, 175, 176 (6th Ed.); Brandt, Suretyship and Guar., sec. 144; Half, Weiss & Co. v. Curtis, 68 Texas, 643; Wait's Actions and Defenses, 427; Bittick v. Wilkins, 7 Heisk. (Tenn.), 307; Lawson, Rights, Rem. & Prac., sec. 3546, 3539; State v. Williams, 48 Mo., 210; 2 Am. & Eng. Encycl. Law, sec. 466; Kerr v. Reece, 27 Kan., 469.

Could an action on the attachment bond, the condition of which is in the very terms prescribed by our attachment law, have been maintained against the sureties on the bond, before the rendition of the judgment discharging the attachment and adjudging the damages sustained by the defendant Jordan, against the plaintiffs V. and A. Meyer & Co. for the wrongful suing out of the attachment? Wade on Attachments, sec. 295; Halcomb v. Foxworth, 34 Miss., 265; Crandall v. Bickley, 25 Minn., 119; State v. Beldsweir, 56 Mo., 226; Sterling v. Cock, 2 Col., 24; Smith v. Eakin, 2 Sneed (Tenn.), 456; Sledge v. Lee, 19 Ga., 411.

Dissent of one of the judges of the Court of Civil Appeals is only a ground for writ of error in cases of which the Court of Civil Appeals does not have final jurisdiction. When this case was tried by the Court of Civil Appeals, and the judgment of the County Court reversed and rendered by a divided court, with a dissenting opinion by one of the judges, the jurisdiction of that court upon the law and fact was con-

clusive and final.   Rev. Stats., art. 996, sec. 3;  Railway v. Langsdale, 88 Texas, 513.   Appellant submits that this court hath not jurisdiction to hear and determine this cause on a certified question of law arising upon a dissenting opinion of one of the judges.

*P. A. Turner,* for appellees.—The only question presented in this case is:   When an attachment is wrongfully issued and levied when does the cause of action arise against the sureties on the attachment bond? It arises the instant the seizure is made.   74 Texas, 121;  64 Texas, 99; 54 Texas, 586.   It arises against the sureties at the same time it does against the principal, and they can be sued together with the principal without first judicially ascertaining a breach of the bond on the part of the principal.   46 Texas, 589.

Commencement of suit against the principal does not arrest the running of limitation in favor of the sureties.   77 Texas, 250.   The statute of limitation begins to run from the date when plaintiff could sue. Rev. Stats., 1895, art. 3354;  64 Texas, 90;  85 Texas, 353;  55 Texas, 480. The mere suing out of an attachment gives no cause of action for damages.   62 Texas, 675;  65 Texas, 298;  69 Texas, 603;  79 Texas, 464.

In our opinion 46 Texas, 589, settles this case.   The conditions of a sequestration and an attachment bond are substantially the same.   In a supplemental brief, counsel for appellees also cited:   Stanley v. Schwalby, 85 Texas, 348;  Kaufman v. Wolf, 77 Texas, 250;  Wofford v. Unger, 55 Texas, 480;  Drake on Attachment, secs. 166, 166a;  37 Ark., 614;  2 Sneed (Tenn.), 456;  Lawson's R. R. & P., sec. 3546.

DENMAN, ASSOCIATE JUSTICE.—In this cause the Court of Civil Appeals have certified the following explanatory statement and question:

"On December 27, 1888, V. and A. Meyer and Co. sued M. Jordan in the County Court of Bowie County on an account for $664.54, and procured the issuance of an attachment and caused it to be levied upon a stock of goods belonging to the defendant.   M. Jordan reconvened in the attachment suit for the recovery of damages, upon the ground that the writ was wrongfully sued out.   The cause was tried February 3, 1894, resulting in a verdict and judgment in favor of M. Jordan upon his plea in reconvention for damages.   The liability of the sureties upon the attachment bond was not adjudicated in the original attachment.

"February 29, 1896, this suit was instituted upon the attachment bond to recover of the obligors in the attachment bond the damages awarded M. Jordan in the attachment suit on account of the wrongful suing out of the attachment.

"At the time this suit upon the bond was filed, more than four years had elapsed since the seizure of the goods under the attachment, and two years and six days had elapsed since the trial of the attachment suit and the rendition of the judgment for damages in favor of M. Jordan. The attachment bond was in statutory form.

"QUESTION. Was this suit barred under the statute of limitations of four years at the time of its institution?"

The condition prescribed by statute for an attachment bond is "that the plaintiff will prosecute his suit to effect, and will pay all such damages and costs as shall be adjudged against him for wrongfully suing out such attachment." According to the certificate the suit is to recover for breach of that part of the condition that plaintiff "will pay," etc., and to that will our decision be confined. If the attachment was wrongfully sued out a cause of action against the principal and sureties on the bond "arose at the very instant the seizure was made." (Torrey & Co., v. Schneider & Davis, 74 Texas, 116; Weaver v. Ashcroft, 50 Texas, 444; Tompkins v. Toland, 46 Texas, 584.) Since the sureties were not sued within four years from that date the action against them was barred, though the judgment rendered against the principal February 3, 1894, would prevent any bar as to him. (Kaufman v. Wolf, 77 Texas, 255; Rev. Stats., arts. 3356 and 3358.) We therefore answer the question certified in the affirmative as to the sureties and in the negative as to the principal. While the cause of action on the bond accrues at time of the levy the measure of damages would doubtless depend upon what disposition had been made of the attached property at the time of the trial of the action upon the bond. 74 Texas, supra; Rev. Stats., Tit. X, ch. 1.