**E. R. CRAWFORD, Appellant,**

v.

**LAWYERS SURETY CORPORATION,**
Appellee.

No. 10632.

Court of Civil Appeals of Texas.

Austin.

Feb. 25, 1959.

C. O. McMillan, Stephenville, for appellant.

James R. Meyers, Coleman Gay, III, Coleman Gay, Austin, for appellee.

HUGHES, Justice.

This is a suit brought by appellant E. R. Crawford against Lawyers Surety Corporation, appellee, to recover from it the

unpaid portion of a judgment obtained by appellant against the Rhode Island Insurance Comany, a Rhode Island Corporation, in the District Court of Erath County.

Appellee was surety on a bond given by Rhode Island in order to comply with the provisions of arts. 4925, 6, R.C.S., 1925, now, in substance, arts. 6.09, 10 of the Insurance Code, Vernon's Ann.Civ.St.[1]

The principal question presented is whether or not appellant's suit is barred by the four year statute of limitations. Art. 5527, V.A.C.S. [Applicable to suits on written instruments.]

The pertinent portions of arts. 6.09, 10 of the Code follows:

"Every fire insurance company, not organized under the laws of this State, applying for a certificate of authority to transact any kind of insurance in this State, shall, before obtaining such certificate, file with the Board a bond, with good and sufficient surety or sureties, to be approved by and to be payable to the Board and its successors in office, in a sum equal to twenty-five (25%) per cent of its premiums collected from citizens or upon property in this State during the preceding calendar year, as shown by its annual report for such year. The bond in no case shall be less than Ten Thousand ($10,000.00) Dollars, nor more than Seventy-five Thousand ($75,000.00) Dollars, *conditioned that said company will pay all its lawful obligations to citizens of this State.* Such bonds shall be subject to successive suits by citizens of this State so long as any part of the same shall not be exhausted, and the same shall be kept in force until all claims of such citizens arising out of obligations of said company have been fully satisfied, but in no event shall the total recoveries per-

mitted on said bonds exceed the face value thereof, * * * Any company desiring to do so may, at its option in lieu of giving the bond required by this article, deposit securities of any kind in which it may lawfully invest its funds with the State Treasurer upon such terms and conditions as will in all respects afford the same protection and indemnity as herein provided for to be afforded by said bond." [6.09] (Italics added.)

"Every fire insurance company, not organized under the laws of this State, hereafter issuing or causing or authorizing to be issued, any policy of insurance other than life insurance, shall first have filed with the Board during the calendar year in which such policy may issue, or authorized or cause to be issued, a bond of good and sufficient sureties to be approved by such Board in a sum of not less than Ten Thousand ($10,000.00) Dollars, *conditioned for the payment of all lawful obligations to citizens of this State arising out of any policies or contracts issued by such fire insurance company;* which such bonds shall be subject to successive suits by citizens of this State so long as any part of the same shall not be adjusted, and so long as there remains outstanding any such obligations or contracts of such fire insurance company, but in no event shall the total recoveries permitted on said bond exceed the face value thereof. This article shall not apply to any person, firm or corporation, or association, doing an inter-insurance, co-operative or reciprocal business." [6.10]

■ The record shows that appellant obtained a judgment against Rhode Island on September 14, 1950, for $2,250, for a fire loss occurring March 23, 1948 insured by Rhode Island by a policy issued by it

1. The parties do not contend that there is any material difference between the old and new statutes.

June 10, 1947. This judgment provided that " * * * there be delivered by the Clerk of this Court to the plaintiff herein said draft in the sum of $2,250.00 in full satisfaction of the loss and damage sued upon by the plaintiff * * * " This draft was never paid by Rhode Island and it went into receivership. A claim, based on the draft and judgment was filed with and approved by the Receiver in Rhode Island and 25% dividends have been paid.

An ancillary receivership for Rhode Island was granted in Texas and on March 11, 1955, the ancillary receiver filed suit against appellee on behalf of all Texas creditors of Rhode Island. Recovery on the bond in suit was sought. On pretrial it was held that the receiver could not prosecute such suit and policyholders were granted leave to intervene. Appellant filed his intervention on December 5, 1955.

The bond executed by appellee covering the period when appellant's loss was sustained, was in the sum of $75,000 and recovery by appellant would not exhaust it. This bond was written and conditioned as required by the statutes and we need not recite its terms.

Under these facts we hold that appellant's suit is barred by the four year statute of limitations since, in our opinion, appellant's cause of action against appellee accrued no later than when Rhode Island failed to pay the draft given to satisfy the Erath County judgment.

■ Appellee was a surety. Rhode Island was its principal. It is settled law that "With sureties, as other debtors, the statutes of limitation will run from the time a cause of action accrues against them." Kaufman v. Wolf, 77 Tex. 250, 13 S.W. 987, 988. To the same effect is Jordan v. Meyer & Co., 90 Tex. 544, 39 S.W. 1081.

In Southwestern Surety Ins. Co. v. Anderson, Tex.Civ.App., 152 S.W. 816, 819, reversed on other grounds 106 Tex. 46, 155 S.W. 1176, suit was brought against an indemnitor of a surety who had executed a bond under the original predecessor of arts. 6.09, 10 of the Insurance Code being the Acts of 1909, p. 182, arts. 4925, 6, R.C.S. 1925, prior to their amendment in 1937. Insofar as this case is concerned the provisions of the Act then in force are the same as our present statutes.

We quote from the Court of Civil Appeals opinion:

"The condition of the bond was that the insurance company would pay 'all its lawful obligations to any and all citizens of the state of Texas.' By the terms thereof the bond was 'subject to successive suits by citizens of the state of Texas so long as any part of the same shall not be exhausted.' A breach of the condition of the bond entitling Anderson [plaintiff] to sue thereon having been shown, we think it was not necessary to the exercise of the right, as against appellant [indemnitor of surety on statutory bond], that he should first present his claim to the receiver in Nebraska for allowance and payment. [The insurer was insolvent.] *Appellant's undertaking was to pay if the insurance company did not. On the failure of the insurance company to pay in accordance with its contract, appellant became liable to Anderson.*" (Italics added.)

We believe this construction of the statutes and of the obligations of the bond given in conformity with them is correct. It was appellee's undertaking to pay if Rhode Island did not. The record reflects that it became apparent more than four years prior to the institution of this suit that Rhode Island had failed and would fail to pay appellant's claim. We believe that appellant would be the last to contend that he could not have sued appellee when payment of the draft given in satisfaction of his judgment was not paid by Rhode Island. If he could have sued then it follows that this suit is barred by the four year statute of limitations, su-

pra, because then, at the latest, his cause of action against appellant was complete.

It is our opinion that the judgment of the trial court should be and it is affirmed.

Affirmed.