O. H. DIXON, Appellant,

v.

L. K. ALFORD et ux., Appellees.

No. 6913.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 15, 1960.

Herbert C. Martin, Amarillo, for appellant.

Gassaway & Allen, Borger, for appellees.

DENTON, Chief Justice.

This is an appeal from an order overruling a plea of privilege. The case was filed in Hutchinson County by L. K. Alford and wife, Pauline Alford, against O. H. Dixon and C. W. Childers. The defendant O. H. Dixon, who resides in Randall County, filed his plea of privilege to be sued in the coun-

ty of his residence. The plaintiffs controverted the plea of privilege and sought to maintain their cause of action in Hutchinson County on the dual basis that the Alfords had been induced to enter into a written contract and to execute a deed to the Hutchinson County property as a result of fraudulent representations by the defendant Dixon in Hutchinson County within Subdivision 7 of Article 1995, Vernon's Ann. Civ.St. The Alfords further alleged in their controverting plea that the suit was one to cancel a conveyance of land situated in Hutchinson County and that the suit was further maintainable in Hutchinson County under Subdivision 14 of Article 1995. Subdivision 7 provides:

"In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

Then Subdivision 14 provides:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

In order to decide which exception to the general venue statute applies or whether neither applies, it is necessary to determine the nature of plaintiff's cause of action. Appellant contends neither Subdivision is applicable here since the appellee seeks to affirm the contract and the exchange of deeds thereunder and seeks damages rather than rescission of a contract and conveyances, and that there is no evidence or pleadings to support the allegations of fraudulent representations. It is well settled that a party's cause of action depends upon the allegations of specific facts in their pleadings rather than on his general prayer for relief. Kincaid v. Cretien, 130 Tex. 513, 111 S.W.2d 1098.

In their petition, appellees allege various fraudulent representations concerning the appellant's land in Colorado which the appellant contracted to exchange for the Hutchinson County property belonging to the appellees. The appellees further alleged:

"* * * that on April 7, 1958, Plaintiff demanded that the entire exchange be rescinded and cancelled, along with all the instruments pertaining thereto, which demand was wholly refused by Defendant, and Defendant still refuses to reconvey said tract and improvements in Fritch, Texas, to Plaintiff or to give up possession thereof.

"XIII

"That Plaintiff still has said property so transferred to him by Defendant and is ready and willing to deliver the same to Defendants as the Court shall direct and now brings the Deed to same into Court for the benefit of Defendants; that Plaintiff is ready to and offers to do full equity as the Court shall direct upon receipt by Plaintiff of the relief and damages hereinafter prayed for."

A close inspection of the whole petition does not reveal any allegations that support appellant's contention that appellees are affirming the contract and conveyances, and praying for damages as a result of the exchange of properties. To the contrary, the above-quoted language seems clear that the purpose of appellees' case is to cancel the transaction involved here. Article 4004, V.A.C.S., dealing with actionable fraud with regard to real estate transactions provides that in such cases,

"* * * the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract."

We find no allegations in appellees' petition that even infer any allegations to support this measure of damages. From the language of the petition quoted above along with the prayer, we can only conclude that the purpose of the action was to cancel the sales contract and deeds to the property.

■ We think it is well settled in this State that a suit by a vendor to cancel a deed and thus reinvest the vendor with title is in substance a suit to remove an incumbrance upon the title to land. The Supreme Court, in State v. Wynn, 157 Tex. 200, 301 S.W.2d 76, 80, quoted with approval the following language in Jones v. Ford, Tex. Civ.App., 118 S.W.2d 333:

"'* * * Their suit is to cancel the deeds and leases and for general relief both in law and equity. The cancellation of such instruments by a court of competent jurisdiction would have the legal effect to remove the cloud and incumbrance from the title to their lands * * *'"

■ Appellees further allege they were damaged as a result of the removal of personal property from the Hutchinson County property, and loss of wages from a former employer as a result of the exchange of property in that the appellees were induced to leave their residence in Hutchinson County when they took possession of the Colorado property. We are of the opinion these allegations of damages were merely incidental to the primary purpose of the suit, and were special damages that may have been incurred by the party alleged to have been wronged due to the execution and performance of the contract. Groce v. P. B. Yates Mach. Co., Tex.Com. App., 288 S.W. 161 and Hunt County Oil Co. v. Scott, 28 Tex.Civ.App. 213, 67 S.W. 451. In view of the allegations found in appellees' petition and proof offered, we can not agree with appellant's contention that this case is one for damages only. We are of the opinion that the purpose of the action was clearly one to cancel the written contract and the deeds, and that the case comes within the meaning of the above-quoted Subdivision 14.

We therefore hold that the trial court correctly overruled appellant's plea of privilege, and judgment of the trial court is therefore affirmed.