**SAFEWAY STORES, INC., Appellant,**

v.

**CERTAINTEED CORPORATION, Certainteed Products Corporation, Herman L. Smith, Gunn & Briggs, Inc., and Home Insurance Company, Appellees.**

No. 05–83–00949–CV.

Court of Appeals of Texas, Dallas.

Dec. 13, 1984.

Rehearing Denied Jan. 21, 1985.

Dissenting Opinion March 7, 1985.

W.B. West, III, Jack D. Eades, Wm. H. Clark, III, Mike M. Tabor, Dallas, for appellant.

Robert M. Greenberg, Hollye Fisk, Dallas, George A. Staples, Hurst, Russell W. Schell, Dallas, for appellees.

Before AKIN, SPARLING and GUILLOT, JJ.

AKIN, Justice.

Our opinion in this case, issued September 12, 1984, is hereby withdrawn and we substitute the following in its place.

Safeway appeals from an instructed verdict, contending that the trial court erred in instructing a verdict because the evidence presented fact issues for the jury's determination with respect to a breach of an implied warranty of merchantability by Certainteed and as to negligence, as well as breach of warranties, by Herman L. Smith and Gunn & Briggs. We hold that Safeway's cause of action against Certainteed

is barred by limitations. TEX.BUS. & COM.CODE § 2.725 (Vernon 1968). Accordingly, we affirm the trial court's judgment as to Certainteed. However, we reverse and remand as to Smith, Home Insurance, and Gunn & Briggs because we hold that there was evidence which raised fact issues for the jury's determination as to breach of warranties by these appellees and as to their alleged negligence.

In 1970, Safeway contracted with Smith to build a warehouse. The roofing subcontractor, Gunn & Briggs, used products manufactured by Certainteed. Home Insurance Company wrote the performance bond on the project. By 1979, severe leaks in the roof prompted Safeway to hire Construction Consultants, Inc., to inspect the roof and make a report. Construction Consultants reported that the roof would have to be replaced. In 1980, Safeway filed suit alleging breach of an implied warranty of merchantability by Certainteed and negligence, as well as breach of warranties, by Smith and Gunn & Briggs. The trial court granted appellees' motion for instructed verdict.

■ Safeway first contends that the court erred in instructing a verdict, based on limitations, in favor of Certainteed because an implied warranty existed which extended to the future performance of the roofing material. In this respect, Safeway introduced an advertisement by Certainteed containing the language "bondable up to 20 years" and now argues that this was an implied warranty extending to future performance. We cannot agree. TEX. BUS. & COM.CODE § 2.725 provides:

(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued....

(b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.* (Emphasis added).

Under the language of this section, the "discovery rule" can only be applicable if a warranty "explicitly extends to future performance." An implied warranty, by its very nature, can not *explicitly* extend to future performance. *Clark v. DeLaval Separator Corp.,* 639 F.2d 1320 (5th Cir. 1981); *Southerland v. Northeast Datsun, Inc.,* 659 S.W.2d 889 (Tex.App.—El Paso 1983, no writ). Thus, contrary to Safeway's contentions, limitations began to run in 1970 when the roofing material was delivered.[1] Accordingly, we hold that the lawsuit in 1980, more than four years after delivery, is barred.

■ We note, however, that, although Safeway has consistently maintained that its cause of action against Certainteed was for breach of an implied warranty, Certainteed in its rejoinder brief commented that Safeway actually appeared to be proceeding upon an express warranty theory. Because the trial court has instructed a verdict, we must view the evidence in the light most favorable to Safeway. *Henderson v. Travelers Insurance Co.,* 544 S.W.2d 649 (Tex.1976). Additionally, we must liberally construe Safeway's pleadings in the absence of special exceptions. *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982). However, even if we assume that Safeway's pleadings were sufficient to state a claim based on Certainteed's breach of an express warranty, we hold that the instructed verdict was proper because there was no evidence that the warranty was breached.

---

1. We note that our holding in *Vaughn Building Corp. v. Austin Co.,* 620 S.W.2d 678 (Tex.Civ. App.—Dallas 1981), *aff'd* 643 S.W.2d 113 (1983), does not control this case. *Vaughn* was a suit for breach of express and implied warranties in a contract for construction of a building, to which the U.C.C. is not applicable. This case, on the other hand, concerns the sale of goods and, consequently, is governed by the U.C.C.

■ The express warranty, if any, in the instant case is that the roof was "bondable for 20 years." On its face, this language is unambiguous and is susceptible to but one reasonable interpretation: that the roof was of sufficient quality at the time of delivery that a twenty year bond on it could be obtained. In this respect, Safeway produced no evidence that it could not obtain a bond on the roof. Accordingly, since no evidence exists of a breach of the alleged warranty, we hold that the instructed verdict against Safeway on this issue was in order as a matter of law. Consequently, we need not reach the question of whether Safeway's right to proceed on a breach of express warranty claim was barred by the statute of limitations as was its right to proceed on a theory of breach of an implied warranty.

■ Next, Safeway argues that the trial court erred in instructing a verdict for Smith and Gunn & Briggs because the evidence raised fact issues as to breach of a warranty to install the roofing material in a good and workmanlike manner. As to workmanship, Schreiber, Safeway's expert witness, answered "No" to the question "... was the roof ... constructed in a good and workmanlike manner and [with] good materials?" The contractors argue that this answer is ambiguous because the question asks about both workmanship and materials. Because the court instructed the verdict, we must view the answer most favorably to Safeway. *Henderson,* 544 S.W.2d at 650. In this respect, Schreiber, who was properly qualified as an expert, testified that the entire roof had to be replaced due to the leak and that the cost of replacement would be $450,000.00. We conclude, therefore, that Safeway was entitled to have the issues of negligence and of warranties determined by the jury.

■ We now turn to appellees' argument that, since Safeway had the burden to apportion the damages between them, the instructed verdict in their favor should be affirmed. We cannot agree. Instead, we hold that, because all of the appellees' negligence produced a single injury, the bur-

den was upon the appellees to adduce evidence with respect to that damage to be apportioned to each defendant. *See John-son v. Willis,* 596 S.W.2d 256, 263 (Tex.Civ. App.—Waco), *writ ref'd n.r.e. per curiam,* 603 S.W.2d 828 (Tex.1980).

■ Because we reverse as to Smith, we must also reverse as to Home. We do not agree with Home's contention that, because its bond prohibited suit after two years from the day on which the final payment fell due, Safeway's suit is barred by limitations. TEX.REV.CIV.STAT.ANN. art. 5545 (Vernon 1958) requires the limitations period to be no less than two years and the period does not begin to run until the day *after* the triggering event. *E.g. Home Ins. Co., New York v. Rose,* 152 Tex. 222, 255 S.W.2d 861, 862 (1953). The two year period provided for in Home's performance bond began to run from the day *of* the triggering event, thus shortening by one day the limitations period mandated by article 5545. Consequently, the limitation in the bond is void and the general four year statute of limitations applies. TEX. REV.CIV.STAT.ANN. art. 5527 (Vernon Supp.1984); *United States Fidelity and Guaranty Co. v. Eastern Hills Methodist Church,* 609 S.W.2d 298, 300 (Tex.Civ.App. —Fort Worth 1980, writ ref'd n.r.e.). This period of limitations did not begin to run until the leaks appeared. *Id.* at 300.

On rehearing, Home complains of our reliance on the result in *Eastern Hills,* arguing that the court there failed to adequately state a rationale for applying the discovery rule to a surety. However, we find additional support for our holding in *Crawford v. Lawyer's Surety Corporation,* 321 S.W.2d 640 (Tex.Civ.App.—Austin 1959, writ ref'd n.r.e.). That case concerned a suit against a surety which was obligated to perform on a bond in the event the principal failed to do so. There, the court held that the cause of action accrued against the surety at the time the principal failed to pay the obligee's claim. *Crawford,* 321 S.W.2d at 642. Similarly, in the present case, Home obligated itself to reimburse Safeway for damages resulting from

Smith's defaults under the construction contract which, under the terms of the bond, also provided that Home was only obligated in the event that Smith failed to reimburse Safeway for such damages. In view of these provisions in the bond and of the holding in *Crawford,* Safeway's cause of action against Home could not have accrued before the breach of the construction contract was discovered. Safeway presented evidence that the leaks were first discovered in 1977; consequently, if this is true, Safeway was not barred from bringing suit in 1980, which was within four years of discovery.

With respect to costs, we tax one-third of the costs against Smith, one-third against Gunn & Briggs, one-sixth against Home, and one-sixth against Safeway. We charge Home with a lesser portion of the costs because it neither allegedly breached a warranty nor committed negligence. We tax less to Safeway than to the contractors because, although we affirm the trial court's judgment as to Certainteed, we reverse the judgment in favor of Smith, Home, and Gunn & Briggs and remand Safeway's causes of action against these defendants to the trial court for further proceedings. All motions for rehearing are overruled.

GUILLOT, J., dissenting.

GUILLOT, Justice, dissenting.

I withdraw my former dissenting opinion of October 2, 1984, and the following is now my dissenting opinion.

I respectfully dissent regarding the disposition of the majority as to the claim of Safeway against Certainteed and concur with the holdings as to the claims against the other appellees, and would reverse and remand for a new trial.

In its first point of error, Safeway contends that the court erred in granting an instructed verdict—based on limitations—in favor of Certainteed because the evidence raised fact issues for the jury. The statute of limitations applicable to Safeway's cause of action against Certainteed is governed

by TEX.BUS. & COM.CODE § 2.725 (Vernon 1968). I quote § 2.725 in pertinent part:

(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .

(b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

In passing on Safeway's first point of error, the evidence must be viewed in the light most favorable to Safeway and discard all contrary evidence and inferences. *Henderson v. Travelers Insurance Co.,* 544 S.W.2d 649 (Tex.1976). In its pleadings, Safeway alleged that Certainteed had breached implied warranties of merchantability and fitness. Safeway also alleged that Certainteed had made a representation that the roof was leak-free and adequate roofing for twenty years and that Safeway discovered the falsity of this representation in 1979.

As to any express warranty, if it explicitly extended to future performance of the goods, then the discovery rule would apply, and limitations would not have begun to run until the breach was or should have been discovered. Safeway introduced advertisements by Certainteed containing the language "bondable up to 20 years." Although Safeway pled the "twenty year" language as constituting an implied representation, nevertheless, the facts pled and the evidence presented established that Safeway relied on an express warranty, if anything. The court must look to the facts pled, *Dixon v. Alford,* 333 S.W.2d 470, 471 (Tex.Civ.App.—Amarillo 1960, no writ), and apply the proper rule of law. *Lyon Van Lines, Inc. v. Ogden,* 503 S.W.2d 632, 636 (Tex.Civ.App.—Houston [1st Dist.] 1973, no

writ). Safeway's pleadings should be liberally construed in its favor, in absence of any special exceptions. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). The petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases its claim. *Roark*, 633 S.W.2d at 810. Moreover, Certainteed was not misled by Safeway's characterization, as described in its brief, of the "bondable up to twenty years" language as an implied warranty. *See Moore v. Puget Sound Plywood, Inc.*, 214 Neb. 14, 332 N.W.2d 212, 215 (1983).

I note that, on its face, this language extends to future performance. "Up to twenty years" means that the roof was bondable from a minimum of one year up to a maximum of twenty years depending on when the bond was purchased. Hence it is a warranty explicitly extending into the future. I would hold that this representation is an express warranty which explicitly extends to future performance as a matter of law, and meets the requirements of TEX.BUS. & COM.CODE § 2.725(b) (Vernon 1968). Further, the evidence at least raised fact issues for the jury to decide as to whether the roof was "bondable up to twenty years," and as to when Safeway discovered any breach of this express warranty for purposes of the triggering of the period of limitations. Accordingly, I would reverse and remand for a determination by a jury of these issues.

I concur with the majority's treatment of Safeway's points of error dealing with Smith, Gunn & Briggs, and Home. Thus, I would reverse and remand as to Smith, Gunn & Briggs, Home, and Certainteed.

Because I would reverse as to Smith, I would reverse as to Home which rises or falls with Smith.