**Clarence A. ARMOUR, Plaintiff,**

v.

**ALASKA POWER AUTHORITY, Ebasco Services, Inc., Joy Manufacturing Company, and Peter Kiewit Sons' Company, and J.F. Shea Company, Inc., a joint venture, Defendants.**

No. S–2511.

Supreme Court of Alaska.

Dec. 23, 1988.

Kurt M. LeDoux, LeDoux & LeDoux, Kodiak, for plaintiff.

Frank A. Pfiffner and Matthew G. Reynolds, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for defendant Joy Mfg. Co.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

In this case, the following two questions were certified by the United States District Court for the District of Alaska, pursuant to Alaska Rule of Appellate Procedure 407: First, does the warranty protection afforded by AS 45.02.318 extend to an employee who is not a buyer and who is injured by the product while at work for the company which purchased the product? Second, if the warranty protection afforded by AS 45.02.318 does protect such an individual, does the statute of limitations provided in AS 45.02.725 begin to run on the date the product is purchased or on the date the injury occurs? Since resolution of the statute of limitations question resolves this case, we decline to address the warranty issue.

### I.

In December, 1980, Joy Manufacturing Company sold a fan to Kiewit–Shea, a joint venture consisting of Peter Kiewit Sons Company (Kiewit) and J.F. Shea Company, Inc. (Shea). On December 1, 1982, Kiewit–Shea sold the fan to Kiewit–Groves, a joint venture consisting of Kiewit and S.J. Groves & Sons Company. On December 12, 1982, Clarence Armour, an employee of Kiewit–Groves, was injured when the fan fell on him while he was at work.

Nineteen months after the accident, Armour filed suit in the Alaska federal district court against various entities, not including Shea and Joy. On December 11, 1986, one day shy of four years after the accident, Armour amended his complaint to add Shea and Joy as defendants.

Kiewit and Shea moved for summary judgment on the ground that the two-year statute of limitations barred the suit. Armour responded that his claims were based on warranty, which has a four-year statute of limitations. Joy moved for summary judgment on the grounds that Armour had no warranty claim because he did not buy the fan, and that, since the four-year warranty statute of limitations began to run on the date of sale, the four years had expired. Kiewit and Shea filed a supplemental memorandum making the same argument. The federal court certified these issues to this court, and we agreed to resolve them.

### II.

■ The crucial question in this case is whether the statute of limitations provided in AS 45.02.725 begins to run on the date the product is purchased or on the date the injury occurs. The statute of limitations is provided in AS 45.02.725, which reads as follows:

> Statute of limitations in contracts for sale. (a) An action for breach of a contract for sale must be commenced within four years after the cause of action has accrued....
>
> (b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made*, except that, if a warranty *explicitly* extends to future performance of the goods and discovery of the breach must await the time of performance, the cause of action accrues when the breach is or should have been discovered.

> •    •    •    •    •

> (d) This section does not alter the law on tolling of the statute of limitations....

(Emphasis added.)[1] This statute is nearly identical to U.C.C. § 2–725. U.C.C. § 2–725, 1A U.L.A. 524 (1976).

---

**1.** The federal court was correct in applying the four-year statute of limitations contained in AS 45.02.725. In *Sinka v. Northern Commercial Co.*, 491 P.2d 116, 117–18 (Alaska 1971), we held that in actions for breach of implied warranty, even though the damages sought may be for personal injuries, the four-year statute of limitations provided by the U.C.C., and not the two-year statute of limitations generally governing tort actions, applies. *See* AS 09.10.070; AS 45.-02.725. Other jurisdictions are split on this issue. *See* Annotation, *What Statute of Limitations Applies to Actions for Personal Injuries Based on Breach of Implied Warranty Under UCC Provisions Governing Sales (UCC § 2–725(1))*, 20 A.L.R. 4th 915 (1983).

Under AS 45.02.725(b), a breach of warranty cause of action accrues when the seller tenders the defective goods to the buyer. The one statutory exception is when a warranty *explicitly* extends to future performance.[2] However, the present case apparently involves only an implied warranty.[3] A number of courts have held that implied warranties, such as the implied warranties of merchantability and fitness for a particular purpose contained in U.C.C. §§ 2–314 & 315, by definition do not explicitly extend to future performance. *See* Annotation, *What Constitutes Warranty Explicitly Extending to "Future Performance" for Purposes of UCC § 2–725(2)*, 93 A.L.R.3d 690, 692–96 (1979 & Supp.1987). *See also Safeway Stores v. Certainteed Corp.*, 710 S.W.2d 544, 547 (Tex.1986) (labelling this a "universal rule" and identifying many supporting holdings and commentaries). To hold otherwise would allow the exception in AS 45.02.725(b) to swallow the rule, since many if not most sellers of goods make implied warranties. We have

not found any precedent to support the notion that an implied warranty "explicitly extends to future performance."[4]

While Alaska has not adopted the official comments to the U.C.C., those comments are instructive. They state:

> Purposes: ... This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial record keeping period.

U.C.C. § 2–725 comment, 1A U.L.A. 524–25 (1976). Armour's interpretation of AS 45.02.725 would allow buyers to prosecute actions for breach of warranty a great many years after a sales contract was consummated—an interpretation which is inconsistent with a cause of action based on commercial contract and not tort.[5]

We reject Armour's interpretation. Such a holding would not deprive people who are injured by products, more than four years

**2.** We have interpreted this exception narrowly. *See Kodiak Elec. Ass'n v. DeLaval Turbine*, 694 P.2d 150, 156 (Alaska 1984) (holding that a written warranty that "engine, generator, and auxiliaries are designed to deliver the specified output *continuously* ... [and t]he generator will be ... repaired as required [by DeLaval]" did not explicitly extend to future performance; instead, it was merely "intended to describe the state in which the used equipment would be delivered").

**3.** Joy believes Armour's claims are based on implied warranty. We have received no information from the federal court indicating otherwise.

**4.** Armour cites *Morton v. Texas Welding & Manufacturing Co.*, 408 F.Supp. 7, 11 (S.D.Tex.1976), which held that, under Texas law, "the period begins to run from the date of injury where the claim is for the damages resulting from personal injury." However, Armour then acknowledges that *Morton* was overruled by the Fifth Circuit in *Timberlake v. A.H. Robins Co.*, 727 F.2d 1363, 1367 n. 5 (5th Cir.1984)—a holding which was later confirmed by the Texas Supreme Court in *Safeway Stores v. Certainteed Corp.*, 710 S.W.2d 544 (Tex.1986). Armour also cites an Alabama case, *Simmons v. American Mutual Liability Insurance Co.*, 433 F.Supp. 747, 751 (S.D.Ala.1976). The Alabama court based its holding on Alabama's unique version of U.C.C. § 2–725 which provides that "a cause of action for damages for injury to the person in

the case of consumer goods shall accrue when the injury occurs." *Simmons*, 433 F.Supp. at 749. This holding is not on point, since AS 45.02.725 contains no such clause.

**5.** The Texas Supreme Court discussed this issue at some length in *Safeway Stores*, 710 S.W.2d at 545–48. It stated:

> As a statute of limitations, section 2.725 seeks to balance two conflicting social policies. If implied warranty liability extends past a definite time, merchants will not be able to close their books with certainty; yet, if merchants are allowed to close their books with certainty; buyers who later discover defects will have no remedy....

> The drafters' intentions were to establish a reasonable period of time, four years, beyond which business persons need not worry about stale warranty claims.... Adoption of a uniform date of accrual and rejection of the discovery rule in warranty cases is a permissible means adopted by the state legislatures to protect commercial transactions. This end would not have been accomplished had the legislatures merely adopted a four-year statute of limitations without specifying when the statute would begin to run.

> . . . . .

> The drafters of the Uniform Commercial Code intended to reserve the benefits of an extended warranty to those who explicitly bargained for them.

*Id.* at 546. We agree.

after purchasing them, from their day in court. It would merely require that those people sue in tort, not contract, and that they sue within two years of the date of injury.

■ Armour also argues that paragraph (d) of AS 45.02.725, which states that AS 45.02.725 "does not alter the law on tolling ...," requires that the statute of limitations begins to run on the date of injury. We disagree. We have created a discovery rule—which might be seen as a tolling rule—for certain tort causes of action. *See Gudenau & Co. v. Sweeney Ins.*, 736 P.2d 763, 766–67 (Alaska 1987); *Greater Area Inc. v. Bookman*, 657 P.2d 828, 829–30 (Alaska 1982). However, we have never extended the discovery rule to contract causes of action for breach of warranty under the U.C.C. To do so would effectively repeal AS 45.02.725(b), as discussed above. We do not read AS 45.02.725(d) to give us that power.[6]

### III.

Our answer to the questions certified by the federal court is as follows: In a breach of warranty action, unless the warranty at issue "explicitly extends to future performance"—which an implied warranty does not—the four-year statute of limitations provided in AS 45.02.725 begins to run on the date the product is purchased. Since this question resolves this case, we decline to consider the warranty question certified by the federal court.

---

**6.** One reading of paragraph d of AS 45.02.725 authorizes courts to continue to develop tolling doctrine in a manner not grossly inconsistent with the rest of the statute. However, perhaps a more plausible reading of paragraph d is that AS 45.02.725 incorporates tolling doctrine that was in existence as of 1962 when the statute was enacted. As the official comment to the relevant U.C.C. section states: "Subsection (4) makes it clear that this Article does not purport to alter or modify in any respect the law on tolling of the Statute of Limitations *as it now prevails* in the various jurisdictions." U.C.C. § 2–725 comment, 1A U.L.A. 525 (1976) (emphasis added). Alaska did not have a discovery rule for tort causes of action until 1982. *See Bookman*, 657 P.2d at 829–30.