COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-245-CV

 

 

RICHARD PRESLEY AND                                                     APPELLANTS

TINA
PRESLEY

                                                   V.

 

SEARS ROEBUCK & CO.                                                          APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellants Richard Presley
and Tina Presley (ARichard,@ ATina,@ or collectively, AAppellants@) appeal
from the trial court=s granting
of summary judgment in favor of Appellee Sears Roebuck & Co. (ASears@).  In two issues, Appellants argue that the
trial court erred by granting the summary judgment on limitations and standing
grounds.  We will affirm.








American Remodeling sold,
furnished, and installed windows and siding for residential use under name
throughout the 1980s.  In late February
1983, Tina purchased windows and siding for her house, and American Remodeling
installed the new units a few weeks later. 
The representative who sold Tina the windows told her and Richard that
the windows and siding would remain in the same condition for twenty or
twenty-five years and that they had a lifetime warranty.  According to Appellants, the representative
also warranted that the windows and siding had been installed in a good and
workmanlike manner.








Within two or three weeks
after the installation, Appellants noticed that the windows were leaking.  They reported this to American Remodeling,
who inspected the windows and attempted to remedy the leaks by recaulking the
windows.  Appellant contacted American
Remodeling about a month later because the windows were leaking once again,
sheetrock near the windows was softening and cracking, and water stains were
developing.  American Remodeling again
inspected and recaulked the windows. 
Three months later, Appellants were still experiencing water damage;
sheetrock was becoming softer, the cracks were larger on each side of the
windows, and the inside of the base of the windowsill was visible, revealing
wet, saturated insulation.  An American
Remodeling representative inspected and recaulked the windows.  Appellants contacted American Remodeling two
more times in October 1983 and January 1984 complaining of water infiltration;
American Remodeling recaulked the windows.

At some point before October
1983, an individual who installed windows and siding for a living inspected
Appellants= windows and
informed them that the windows had been installed incorrectly.  One of Appellants= neighbors also informed them around January 1984 that the windows had
been installed incorrectly because they were pointing inward instead of
outward.

Appellants contacted American
Remodeling approximately ten more times between January 1984 and July 2002
complaining of the leaking windows.  In
July 2002, Jerry Joplin, an employee of American Remodeling, inspected the
windows and informed Appellants that the windows needed to be replaced because
they had been installed incorrectly.








Appellants filed suit against
Sears on May 4, 2006, for the water leaks and water infiltration resulting from
the allegedly improperly installed windows. They ultimately asserted claims
against Sears for violations of the Deceptive Trade Practices Act (ADTPA@), breach of
contract, negligence, and breach of express oral warranties.  They further alleged that Sears intentionally
or negligently induced them into believing that American Remodeling was Sears=s agent in the purchase of the windows and siding, that the actions of
Sears, American Remodeling, or both constituted fraudulent concealment, and
that Sears was vicariously liable as a result of the apparent authority of
American Remodeling to act on Sears=s behalf.  Sears generally
denied each of Appellants= allegations
and asserted that Appellants= claims were time-barred by the applicable statute of limitations and
that Richard lacked standing to sue. Sears moved for summary judgment on its
limitations and standing affirmative defenses, and the trial court granted
summary judgment in favor of Sears on both grounds and on all of Appellants= claims.  This appeal followed.

In their first issue,
Appellants argue that the trial court erroneously granted summary judgment in
favor of Sears because they brought forth evidence raising a genuine issue of
material fact on Sears=s
limitations affirmative defense.  Sears
contends that the trial court properly granted summary judgment on its
limitations affirmative defense because the statute of limitations bars
Appellants= breach of
warranty claim, which accrued in 1983.[2]









In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s favor.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).








A defendant is entitled to
summary judgment on an affirmative defense if the defendant conclusively proves
all the elements of the affirmative defense. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex.
1999).  To accomplish this, the
defendant-movant must present summary judgment evidence that establishes each
element of the affirmative defense as a matter of law.  Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 121 (Tex. 1996).  Thus, a
defendant who moves for summary judgment on the affirmative defense of
limitations has the burden to conclusively establish the defense, which
includes proving when the cause of action accrued and, if applicable, negating
the discovery rule by proving as a matter of law that there is no genuine issue
of material fact about when the plaintiff discovered, or in the exercise of
reasonable diligence should have discovered, the nature of its injury.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); Dean v. Frank W. Neal &
Assocs., Inc., 166 S.W.3d 352, 355B56 (Tex. App.CFort Worth
2005, no pet.).  If the movant
establishes that the statute of limitations bars the action, the nonmovant must
then adduce summary judgment proof raising a fact issue in avoidance of the
statute of limitations.  KPMG Peat
Marwick, 988 S.W.2d at 748.








The Uniform Commercial Code
provides a four-year limitation period for breach of an express warranty.  Tex.
Bus. & Com. Code Ann. ' 2.725(a) (Vernon 1994); PPG Indus., Inc. v. JMB/Houston Ctrs.
Partners Ltd. P=ship, 146 S.W.3d 79, 92 (Tex. 2004); Safeway Stores, Inc. v.
Certainteed Corp., 710 S.W.2d 544, 546 (Tex. 1986).  A cause of action for breach of warranty
accrues when the breach occurs, and a breach of warranty occurs when tender of
delivery is made, except that where a warranty explicitly extends to future
performance of the goods and discovery of the breach must await the time of
such performance, the cause of action accrues when the breach is or should have
been discovered.  Tex. Bus. & Com. Code Ann. ' 2.725(b); PPG Indus., Inc., 146 S.W.3d at 92B93; Safeway Stores, Inc., 710 S.W.2d at 546; Carlisle Corp.
v. Med. City Dallas, Ltd., 196 S.W.3d 855, 862 (Tex. App.CDallas 2006, pet. granted).  For
an express warranty to meet the exception in section 2.725(b), it must make
specific reference to a specific date in the future.  Safeway Stores, Inc., 710 S.W.2d at
548; Belmonte v. Baxter Healthcare Corp., No. 05-00-01579-CV, 2002 WL
560996, at *4 (Tex. App.CDallas Apr.
16, 2002, no pet.) (not designated for publication).

In support of its motion for
summary judgment, Sears attached excerpts from Richard=s and Tina=s
depositions and an affidavit and deposition excerpts of James Sparling, the ANational Business Manager [of] Home Services for [Sears].@  Sears=s summary judgment evidence demonstrates that Tina purchased the
windows and siding in late February 1983. 
The representative who sold the windows and siding to Tina stated that
the goods had a twenty-five year or lifetime warranty or guarantee.  Appellants experienced significant problems
with leaks occurring over the next eleven months.  The water infiltrated Appellants= home through the windows and caused damage to sheetrock and
insulation.  Appellants were told by two
individualsConce in 1983
and once in January 1984Cthat the
windows had been installed incorrectly.








Assuming without deciding or
agreeing that the warranty accompanying the windows and siding was an express
warranty meeting the exception in section 2.725(b) of the business and commerce
code, Sears=s summary
judgment evidence establishes that Appellants discovered or should have
discovered the breach in 1983 or January 1984, when Appellants experienced
significant damage to their home as a result of the leaking windows.  Appellants= breach of an express warranty cause of action thus accrued no later
than January 1984, but they did not file suit until May 4, 2006, approximately
twenty-two years later.  We hold that
Sears met its burden of conclusively establishing that Appellants= breach of warranty claim is barred by the applicable statue of
limitations as a matter of law.

Appellants= summary judgment evidence includes their affidavits and excerpts from
their depositions.  They argue that they
raised a fact issue on Sears=s limitations affirmative defense because Athere was no breach of the express warranty contract for failing to
perform future curative work upon which [they] could assert a claim@ prior to Sears=s A2002 repudiation of its lifetime warranty.@  But Appellants= breach of warranty claim did not accrue when Sears repudiated its
lifetime warranty; it accrued no later than January 1984 because that is when
Appellants discovered or should have discovered the breach.  See Tex.
Bus. & Com. Code Ann. ' 2.725(b).  The supreme
court addressed a similar argument in PPG Industries and reasoned
as follows:








We did not hold (as JMB asserts) in Austin Co.
v. Vaughn Building Corp. that limitations was tolled until a seller stops
making repairs; instead, we held a warranty for repair services was not
breached until further repairs were refused. 
A warranty to make repairs is a warranty for services, not of goods, and
thus falls outside the UCC.  We long ago
held that limitations accrues upon breach of a repair warranty only if that was
the basis of the suit; if instead the basis was a warranty as to the goods
themselves, limitations accrues upon delivery.

 

In this case, JMB asserted no claim for breach of
a repair warranty. . . .  JMB=s
complaints arose from defects in the underlying goods, and thus accrued when
they failed, not when PPG refused to keep manufacturing and sending
replacements with the same problem.

 

PPG Indus., Inc., 146 S.W.3d at 96 (citations omitted).  Likewise, here, Appellants= claim is for breach of an express warranty involving goods, not
breach of a repair warranty, and Appellants= cause of action thus accrued when they discovered or reasonably
should have discovered the breach of warranty, not when Sears repudiated the
warranty.[3]








Appellants further attempt to
avoid the effects of the statute of limitations by arguing that they submitted
evidence raising a genuine issue of material fact that Sears fraudulently
concealed the breach of warranty.  They
argue that their breach of warranty cause of action accrued in 2002 because A[i]t was not until July 30, 2002, when Jerry Joplin was sent out by
Defendant in response to the continuing complaint, that Plaintiffs were told
that the problem was in the installation of the siding and windows and caulking
would not fix the problem.@








Accrual of a cause of action
is deferred in a case involving fraudulent concealment.  S.V. v. R.V., 933 S.W.2d 1, 6 (Tex.
1996); Computer Assocs. Int=l, Inc. v. Altai, Inc., 918 S.W.2d
453, 455B56 (Tex. 1996).  Fraudulent
concealment works to estop a defendant from asserting limitations as a
defense  because a person cannot be
permitted to avoid liability for his actions by deceitfully concealing
wrongdoing until limitations has run.  S.V.,
933 S.W.2d at 6.  When a defendant
has fraudulently concealed the facts forming the basis of the plaintiff=s claim, limitations does not begin to run until the claimant, using
reasonable diligence, discovered or should have discovered the injury.  KPMG Peat Marwick, 988 S.W.2d at
750.  The elements of fraudulent
concealment are (1) the existence of the underlying tort, (2) the defendant=s knowledge of the tort, (3) the defendant=s use of deception to conceal the tort, and (4) the plaintiff=s reasonable reliance on the deception.  Glover v. Union Pac. R.R. Co., 187
S.W.3d 201, 217 (Tex. App.CTexarkana 2006, pet. denied); Mitchell Energy Corp. v. Bartlett,
958 S.W.2d 430, 439 (Tex. App.CFort Worth 1997, pet. denied). 
Fraudulent concealment thus requires actual knowledge by the defendant
that a wrong has occurred and Aa fixed purpose to conceal the facts necessary for the plaintiff to
know that it has a cause of action.@  Vial v. Gas Solutions, Ltd.,
187 S.W.3d 220, 230B31 (Tex.
App.CTexarkana 2006, no pet.).








Citing to their affidavits,
Appellants contend that Sears Aconcealed the improper installation of the windows by repeatedly
misrepresenting what was needed to cure the problem,@ that Sears told them Athe only thing needed to repair the windows was a bit of caulking,@ and that they relied on Sears=s representations because they are not knowledgeable in window
installation or repair.  The affidavits
of both Tina and Richard affirm that Sears representatives told them that the
only repair to the windows needed was additional caulking, that there were no
problems with the windows that the caulking would not fix, and that the
problems with the windows were fixed. 
Indulging every reasonable inference and resolving any doubts in
Appellants= favor, we
conclude that neither Tina=s nor Richard=s affidavit
set forth any evidence raising a genuine issue of material fact that Sears used
any deception to conceal the facts underlying the breach of warranty.  The summary judgment evidence demonstrates
that the representatives were simply incorrect in their assessment of the repairs
needed to remedy the problems associated with the window, and Appellants= claim that Sears fraudulently concealed the fact that the windows had
been installed incorrectly amounts to mere suspicion.  A[S]ome suspicion linked to other suspicion produces only more
suspicion, which is not the same as some evidence.@  Browning-Ferris, Inc. v.
Reyna, 865 S.W.2d 925, 927 (Tex. 1993). 
Appellants therefore failed to raise a genuine issue of material fact on
an essential element of their fraudulent concealment defense to Sears=s limitations affirmative defense.

We hold that Appellants
failed to bring forth summary judgment evidence controverting Sears=s conclusive evidence that Appellants= breach of warranty claim is barred by the applicable statute of
limitations.  Consequently, we hold that
the trial court did not err by granting summary judgment in favor of Sears on
its limitations affirmative defense. 
Accordingly, we overrule Appellants= first issue.








Because we hold that the
trial court properly granted summary judgment on Sears=s limitations affirmative defense, we need not consider whether the
trial court erroneously granted summary judgment on Sears=s standing defense.  See Tex. R. App. P. 47.1.

Having overruled Appellants= first issue and determined that we need not consider their second
issue, we affirm the trial court=s judgment.

 

 

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
B:  DAUPHINOT, HOLMAN, and WALKER, JJ.

 

WALKER,
J. concurs without opinion.

 

DELIVERED:  March 27, 2008

 











[1]See Tex. R.
App. P. 47.4.





[2]As to
the limitations ground, Appellants challenge only the trial court=s
grant of summary judgment on their breach of warranty claim; they include no
argument or analysis (1) setting forth the applicable statute of limitations
and relevant law for their DTPA, negligence, and breach of contract claims and
(2) explaining why their summary judgment evidence raised a fact issue on those
claims.  To the extent Appellants=
brief can be construed as arguing that the trial court erroneously granted
summary judgment on limitations grounds as to all of their claims because they
raised a fact issue on their fraudulent concealment defense, our analysis of
their concealment defense below resolves that argument, if made.





[3]It is not clear from Appellants= brief, partly because they rely on
section 2.725(b) of the business and commerce code for their argument, but if
they are attempting to argue that they raised a fact issue concerning Sears=s breach of a repair warranty, we
note that they produced no summary judgment evidence showing that Sears ever
made a warranty for repair services; Appellants have only produced summary
judgment evidence that Sears made a warranty for the windows and siding and a
warranty that the windows had been installed in a good and workmanlike
manner.  Moreover, although Appellants
state that Sears Awarranted . . . that the windows
had been installed in a good and workmanlike manner,@ we are unable to determine from
Appellants= brief if they are challenging the
trial court=s decision to grant summary
judgment in favor of Sears on this warranty, which is a claim not involving
goods and, thus, not subject to analysis under the UCC.  Because Appellants provide no analysis or
explanation differentiating this argument from their breach of warranty-goods
argument, it is waived to the extent they assert such an argument.  See Tex.
R. App. P. 38.1(h).