

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-245-CV

RICHARD PRESLEY AND                                          APPELLANTS
TINA PRESLEY

V.

SEARS ROEBUCK & CO.                                            APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellants Richard Presley and Tina Presley ("Richard," "Tina," or collectively, "Appellants") appeal from the trial court's granting of summary judgment in favor of Appellee Sears Roebuck & Co. ("Sears"). In two issues, Appellants argue that the trial court erred by granting the summary judgment on limitations and standing grounds. We will affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

American Remodeling sold, furnished, and installed windows and siding for residential use under name throughout the 1980s. In late February 1983, Tina purchased windows and siding for her house, and American Remodeling installed the new units a few weeks later. The representative who sold Tina the windows told her and Richard that the windows and siding would remain in the same condition for twenty or twenty-five years and that they had a lifetime warranty. According to Appellants, the representative also warranted that the windows and siding had been installed in a good and workmanlike manner.

Within two or three weeks after the installation, Appellants noticed that the windows were leaking. They reported this to American Remodeling, who inspected the windows and attempted to remedy the leaks by recaulking the windows. Appellant contacted American Remodeling about a month later because the windows were leaking once again, sheetrock near the windows was softening and cracking, and water stains were developing. American Remodeling again inspected and recaulked the windows. Three months later, Appellants were still experiencing water damage; sheetrock was becoming softer, the cracks were larger on each side of the windows, and the inside of the base of the windowsill was visible, revealing wet, saturated insulation. An American Remodeling representative inspected and recaulked the windows.

2

Appellants contacted American Remodeling two more times in October 1983 and January 1984 complaining of water infiltration; American Remodeling recaulked the windows.

At some point before October 1983, an individual who installed windows and siding for a living inspected Appellants' windows and informed them that the windows had been installed incorrectly. One of Appellants' neighbors also informed them around January 1984 that the windows had been installed incorrectly because they were pointing inward instead of outward.

Appellants contacted American Remodeling approximately ten more times between January 1984 and July 2002 complaining of the leaking windows. In July 2002, Jerry Joplin, an employee of American Remodeling, inspected the windows and informed Appellants that the windows needed to be replaced because they had been installed incorrectly.

Appellants filed suit against Sears on May 4, 2006, for the water leaks and water infiltration resulting from the allegedly improperly installed windows. They ultimately asserted claims against Sears for violations of the Deceptive Trade Practices Act ("DTPA"), breach of contract, negligence, and breach of express oral warranties. They further alleged that Sears intentionally or negligently induced them into believing that American Remodeling was Sears's agent in the purchase of the windows and siding, that the actions of Sears,

3

American Remodeling, or both constituted fraudulent concealment, and that Sears was vicariously liable as a result of the apparent authority of American Remodeling to act on Sears's behalf. Sears generally denied each of Appellants' allegations and asserted that Appellants' claims were time-barred by the applicable statute of limitations and that Richard lacked standing to sue. Sears moved for summary judgment on its limitations and standing affirmative defenses, and the trial court granted summary judgment in favor of Sears on both grounds and on all of Appellants' claims. This appeal followed.

In their first issue, Appellants argue that the trial court erroneously granted summary judgment in favor of Sears because they brought forth evidence raising a genuine issue of material fact on Sears's limitations affirmative defense. Sears contends that the trial court properly granted summary judgment on its limitations affirmative defense because the statute of limitations bars Appellants' breach of warranty claim, which accrued in 1983.[2]

---

[2] As to the limitations ground, Appellants challenge only the trial court's grant of summary judgment on their breach of warranty claim; they include no argument or analysis (1) setting forth the applicable statute of limitations and relevant law for their DTPA, negligence, and breach of contract claims and (2) explaining why their summary judgment evidence raised a fact issue on those claims. To the extent Appellants' brief can be construed as arguing that the trial court erroneously granted summary judgment on limitations grounds as to all of their claims because they raised a fact issue on their fraudulent concealment defense, our analysis of their concealment defense below resolves that argument, if made.

4

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Sw. Elec. Power Co.,* 73 S.W.3d at 215. When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996). Thus, a defendant who moves for summary judgment on the affirmative defense of limitations has the burden to conclusively establish the defense, which includes proving when the cause of action accrued and, if applicable, negating the

5

discovery rule by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Dean v. Frank W. Neal & Assocs., Inc.*, 166 S.W.3d 352, 355–56 (Tex. App.—Fort Worth 2005, no pet.). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick*, 988 S.W.2d at 748.

The Uniform Commercial Code provides a four-year limitation period for breach of an express warranty. TEX. BUS. & COM. CODE ANN. § 2.725(a) (Vernon 1994); *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 92 (Tex. 2004); *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 546 (Tex. 1986). A cause of action for breach of warranty accrues when the breach occurs, and a breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered. TEX. BUS. & COM. CODE ANN. § 2.725(b); *PPG Indus., Inc.*, 146 S.W.3d at 92–93; *Safeway Stores, Inc.*, 710 S.W.2d at 546; *Carlisle*

6

*Corp. v. Med. City Dallas, Ltd.*, 196 S.W.3d 855, 862 (Tex. App.—Dallas 2006, pet. granted).  For an express warranty to meet the exception in section 2.725(b), it must make specific reference to a specific date in the future. *Safeway Stores, Inc.*, 710 S.W.2d at 548; *Belmonte v. Baxter Healthcare Corp.*, No. 05-00-01579-CV, 2002 WL 560996, at *4 (Tex. App.—Dallas Apr. 16, 2002, no pet.) (not designated for publication).

In support of its motion for summary judgment, Sears attached excerpts from Richard's and Tina's depositions and an affidavit and deposition excerpts of James Sparling, the "National Business Manager [of] Home Services for [Sears]."  Sears's summary judgment evidence demonstrates that Tina purchased the windows and siding in late February 1983.  The representative who sold the windows and siding to Tina stated that the goods had a twenty-five year or lifetime warranty or guarantee.  Appellants experienced significant problems with leaks occurring over the next eleven months.  The water infiltrated Appellants' home through the windows and caused damage to sheetrock and insulation.  Appellants were told by two individuals—once in 1983 and once in January 1984—that the windows had been installed incorrectly.

Assuming without deciding or agreeing that the warranty accompanying the windows and siding was an express warranty meeting the exception in

7

section 2.725(b) of the business and commerce code, Sears's summary judgment evidence establishes that Appellants discovered or should have discovered the breach in 1983 or January 1984, when Appellants experienced significant damage to their home as a result of the leaking windows. Appellants' breach of an express warranty cause of action thus accrued no later than January 1984, but they did not file suit until May 4, 2006, approximately twenty-two years later. We hold that Sears met its burden of conclusively establishing that Appellants' breach of warranty claim is barred by the applicable statue of limitations as a matter of law.

Appellants' summary judgment evidence includes their affidavits and excerpts from their depositions. They argue that they raised a fact issue on Sears's limitations affirmative defense because "there was no breach of the express warranty contract for failing to perform future curative work upon which [they] could assert a claim" prior to Sears's "2002 repudiation of its lifetime warranty." But Appellants' breach of warranty claim did not accrue when Sears repudiated its lifetime warranty; it accrued no later than January 1984 because that is when Appellants discovered or should have discovered the breach. *See* TEX. BUS. & COM. CODE ANN. § 2.725(b). The supreme court addressed a similar argument in *PPG Industries* and reasoned as follows:

8

We did not hold (as JMB asserts) in *Austin Co. v. Vaughn Building Corp.* that limitations was tolled until a seller stops making repairs; instead, we held a warranty for repair services was not breached until further repairs were refused. A warranty to make repairs is a warranty for services, not of goods, and thus falls outside the UCC. We long ago held that limitations accrues upon breach of a repair warranty only if that was the basis of the suit; if instead the basis was a warranty as to the goods themselves, limitations accrues upon delivery.

In this case, JMB asserted no claim for breach of a repair warranty. . . . JMB's complaints arose from defects in the underlying goods, and thus accrued when they failed, not when PPG refused to keep manufacturing and sending replacements with the same problem.

*PPG Indus., Inc.*, 146 S.W.3d at 96 (citations omitted). Likewise, here, Appellants' claim is for breach of an express warranty involving goods, not breach of a repair warranty, and Appellants' cause of action thus accrued when they discovered or reasonably should have discovered the breach of warranty, not when Sears repudiated the warranty.[3]

---

[3] It is not clear from Appellants' brief, partly because they rely on section 2.725(b) of the business and commerce code for their argument, but if they are attempting to argue that they raised a fact issue concerning Sears's breach of a repair warranty, we note that they produced no summary judgment evidence showing that Sears ever made a warranty for repair services; Appellants have only produced summary judgment evidence that Sears made a warranty for the windows and siding and a warranty that the windows had been installed in a good and workmanlike manner. Moreover, although Appellants state that Sears "warranted . . . that the windows had been installed in a good and workmanlike manner," we are unable to determine from Appellants' brief if they are challenging the trial court's decision to grant summary judgment in favor of Sears on this warranty, which is a claim not

Appellants further attempt to avoid the effects of the statute of limitations by arguing that they submitted evidence raising a genuine issue of material fact that Sears fraudulently concealed the breach of warranty. They argue that their breach of warranty cause of action accrued in 2002 because "[i]t was not until July 30, 2002, when Jerry Joplin was sent out by Defendant in response to the continuing complaint, that Plaintiffs were told that the problem was in the installation of the siding and windows and caulking would not fix the problem."

Accrual of a cause of action is deferred in a case involving fraudulent concealment. *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455–56 (Tex. 1996). Fraudulent concealment works to estop a defendant from asserting limitations as a defense because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run. *S.V.*, 933 S.W.2d at 6. When a defendant has fraudulently concealed the facts forming the basis of the plaintiff's claim, limitations does not begin to run until the claimant, using reasonable diligence, discovered or should have discovered the injury. *KPMG*

---

involving goods and, thus, not subject to analysis under the UCC. Because Appellants provide no analysis or explanation differentiating this argument from their breach of warranty-goods argument, it is waived to the extent they assert such an argument. *See* Tex. R. App. P. 38.1(h).

10

*Peat Marwick*, 988 S.W.2d at 750. The elements of fraudulent concealment are (1) the existence of the underlying tort, (2) the defendant's knowledge of the tort, (3) the defendant's use of deception to conceal the tort, and (4) the plaintiff's reasonable reliance on the deception. *Glover v. Union Pac. R.R. Co.,* 187 S.W.3d 201, 217 (Tex. App.—Texarkana 2006, pet. denied); *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. App.—Fort Worth 1997, pet. denied). Fraudulent concealment thus requires actual knowledge by the defendant that a wrong has occurred and "a fixed purpose to conceal the facts necessary for the plaintiff to know that it has a cause of action." *Vial v. Gas Solutions, Ltd.*, 187 S.W.3d 220, 230–31 (Tex. App.—Texarkana 2006, no pet.).

Citing to their affidavits, Appellants contend that Sears "concealed the improper installation of the windows by repeatedly misrepresenting what was needed to cure the problem," that Sears told them "the only thing needed to repair the windows was a bit of caulking," and that they relied on Sears's representations because they are not knowledgeable in window installation or repair. The affidavits of both Tina and Richard affirm that Sears representatives told them that the only repair to the windows needed was additional caulking, that there were no problems with the windows that the caulking would not fix, and that the problems with the windows were fixed. Indulging every

11

reasonable inference and resolving any doubts in Appellants' favor, we conclude that neither Tina's nor Richard's affidavit set forth any evidence raising a genuine issue of material fact that Sears used any deception to conceal the facts underlying the breach of warranty. The summary judgment evidence demonstrates that the representatives were simply incorrect in their assessment of the repairs needed to remedy the problems associated with the window, and Appellants' claim that Sears fraudulently concealed the fact that the windows had been installed incorrectly amounts to mere suspicion. "[S]ome suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence." *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 927 (Tex. 1993). Appellants therefore failed to raise a genuine issue of material fact on an essential element of their fraudulent concealment defense to Sears's limitations affirmative defense.

We hold that Appellants failed to bring forth summary judgment evidence controverting Sears's conclusive evidence that Appellants' breach of warranty claim is barred by the applicable statute of limitations. Consequently, we hold that the trial court did not err by granting summary judgment in favor of Sears on its limitations affirmative defense. Accordingly, we overrule Appellants' first issue.

Because we hold that the trial court properly granted summary judgment on Sears's limitations affirmative defense, we need not consider whether the trial court erroneously granted summary judgment on Sears's standing defense. *See* TEX. R. APP. P. 47.1.

Having overruled Appellants' first issue and determined that we need not consider their second issue, we affirm the trial court's judgment.

                                        DIXON W. HOLMAN
                                        JUSTICE

PANEL B:  DAUPHINOT, HOLMAN, and WALKER, JJ.

WALKER, J. concurs without opinion.

DELIVERED:  March 27, 2008

13